UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DARCI M. THOMPSON, | ) |
| Plaintiff, | ) Case No. 1:13-cv-1027 |
| v. | ) Honorable Robert J. Jonker |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) **REPORT AND RECOMMENDATION** |

This was a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On April 2, 2014, this court entered a judgment reversing the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. The matter is now before the court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (docket # 21). Defendant does not oppose the motion. (docket # 23). For the reasons set forth herein, I recommend that plaintiff's motion be granted in part and denied in part, and that a judgment be entered in plaintiff's favor in the amount of $2,862.50.

**Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency

>action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014). Plaintiff is a prevailing party under this court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). Plaintiff is entitled to an award of attorney's fees under the EAJA.

  **1. Hours Claimed**

The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks compensation for 22.9 hours in attorney time. (docket # 22-1 at ID# 618). This is reasonable for the work performed.

### 2. Hourly Rate

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Plaintiff seeks to recover at a rate of $175.00 for work performed in this court. (docket # 19-1, ID#s 376, 381). The requested rate is above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

"In requesting an increase in the hourly-fee rate, [p]laintiff[] bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant v. Commissioner*, 578 F.3d 443, 450 (6th Cir. 2009). Plaintiff's attorney argues that he should receive an increased hourly rate based on inflation and the Consumer Price Index. In *Bryant*, the Sixth Circuit held that this was not sufficient evidence to carry the plaintiff's burden. *Id.* at 450; *accord O'Neal v. Commissioner*, No. 1:08-cv-723, 2011 WL 445936, at * 2 (W.D. Mich. Jan. 27, 2011) (Maloney, C. J.) ("[T]his court is bound by *Bryant*, where the Sixth Circuit found that evidence of inflation, supported by the CPI, by itself, does not justify an increase in EAJA's statutory fee cap.").

No consensus has emerged in this court regarding whether the State Bar of Michigan's Economics of Law Practice Survey is sufficient evidence to justify a departure above the statutory $125 per hour cap to an hourly rate of up to $175 per hour. *Compare Troyer v. Commissioner*, No. 1:12-cv-759, 2014 WL 834109, at * 2 (W.D. Mich. Mar. 4, 2014) ($125 per

hour) *with Shellman v. Commissioner*, No. 1:13-cv-959, 2014 WL 1875107, at * 2 (W.D. Mich. May 8, 2014) ($175 per hour). However, the decision whether to make any adjustment within this relatively narrow range of hourly rates would appear to fall well within this court's discretion. *DeLong v. Commissioner*, 748 F.3d at 725. Here, I find that compensation at, but not above, the statutory cap provides reasonable compensation for the work performed before the court. (*see* docket #s 14, 19, 20, 21). Multiplying the 22.9 hours reasonably expended by counsel by the $125 per hour rate results in a $2,862.50 total. Plaintiff is entitled to an award of EAJA attorney's fees in the amount of $2,862.50 for the reasonable attorney's fees expended in this matter.

### 3. Judgment

Plaintiff asks that the EAJA award be made payable to plaintiff's attorney. (docket # 21 at ID# 610). The EAJA provides in pertinent part that the court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). Thus, any judgment entered for EAJA attorney's fees must be entered in plaintiff's favor. *See Astrue v. Ratliff*, 560 U.S. at 591-93. Any agreements entered into between plaintiff and counsel are not part of this closed case and cannot be injected into it at this juncture. There is a significant potential for conflict among plaintiff, her creditors, and her attorney with regard to the EAJA fees. "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract." *Astrue v. Ratliff*, 560 U.S. at 599 (Sotomayor, J. concurring). Plaintiff's contractual obligations to her attorney are not part of this case.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the court enter an order granting plaintiff's motion in part and denying it in part, and that the court enter a judgment in plaintiff's favor against defendant in the amount of $2,862.50.


Dated: July 25, 2014              /s/  Joseph G. Scoville                                    
                                  United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).