UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARCI THOMPSON,

       Plaintiff,

CASE NO. 1:13cv1027

v.

HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Scoville's Report and Recommendation in this matter (docket # 24) and Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (docket # 25). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself and Plaintiff's objections. The Court finds the

Magistrate Judge's Report and Recommendation (docket # 24) is factually sound and legally correct.

The Magistrate Judge recommends entry of an order granting plaintiff's motion for attorney fees, but only in the amount of $2,862.50, rather than the $4,007.50 requsted by counsel. The difference is the hourly rate claimed. The Court does not find sufficient basis to override the statutory limit of $125 per hour in this case. Inflation and the CPI, standing alone, are not enough under *Bryant v. Comm'r*, 578 F.3d 443, 450 (6th Cir. 2009). The Michigan Bar survey of attorney rates is also insufficient. In the first place, the swing is fairly generic and does not in any way drill down to social security practitioners specifically. Moreover, a market rate swing is not necessarily probative of a fair rate of compensation under the EAJA. There certainly does not appear to be a shortage of practitioners ready to take on the Commission for a chance at the EAJA rate. Finally, the Commissioner's acquiesce is not decisive. The Court has an independent obligation to evaluate the rates. Nothing in Plaintiff's Objections adds to or otherwise changes the analysis in the Report and Recommendation of Magistrate Judge Scoville.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 17) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the motion for attorney fees is **GRANTED IN PART AND DENIED IN PART** (docket ## 19, 21). An award of $2,862.50 in attorney fees is granted in favor of Plaintiff and against Defendant. The award shall be added to the Judgment in favor of Plaintiff already entered in the case.

**IT IS SO ORDERED.**

                                          /s/Robert J. Jonker
                                      ROBERT J. JONKER
                              UNITED STATES DISTRICT JUDGE

Dated:  August 13, 2014